UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **RONALD A. TABB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 2:12 CV 244 |
| | ) |
| **LAKE COUNTY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### O R D E R

Ronald A. Tabb, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this complaint, Tabb alleges that on July 9, 2009, he was unlawfully arrested without probable cause. He alleges that his property was unlawfully searched. He alleges that the warrant for the search was actually issued four days afterwards, on July 13, 2009, and was obtained by the submission of false information to the judge. He alleges that these actions were taken pursuant to governmental policies.

Though Tabb clearly believes that he is wrongfully incarcerated, he cannot have a conviction set aside in this civil rights proceeding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Moreover, his claims for monetary damages are barred by the statute of limitations.

Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). "*Wallace v. Kato*, 549 U.S. 384 (2007) holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . .." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). Because Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims, *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005), the deadline for filing these claims expired in July 2011. Here, where the complaint was not signed until June 21, 2012, this complaint is untimely. Therefore, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

                                                  **SO ORDERED.**

Date: July 12, 2012

                                               s/James T. Moody
                                               JUDGE JAMES T. MOODY
                                               UNITED STATES DISTRICT COURT